IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TRUSTEES of the MILWAUKEE CARPENTERS DISTRICT COUNCIL HEALTH FUND and MILWAUKEE CARPENTERS APPRENTICESHIP FUND | ) ) ) ) ) |
| Plaintiffs, | ) |
| v. | ) ) |
| BECKER CONSTRUCTION, INC. | ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs, Trustees of the Milwaukee Carpenters District Council Health Fund and the Milwaukee Carpenters Apprenticeship Fund, by their attorney, Karen M. Rioux, complain of the Defendant, BECKER CONSTRUCTION, INC. follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA")(29 U.S.C. §§1132) and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 185(a). Jurisdiction is founded on the existence of questions arising there under.

2. The Milwaukee Carpenters District Council Heath Fund and Apprenticeship Fund ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the North Central Regional Council of Carpenters (formerly the Chicago Regional Council Of Carpenters), ("Union"), and therefore, is a multiemployer plan (29 U.S.C. §1002). The Trust Funds are administered at N25 W23055 Paul Road, Suite 2, P.O. Box 670, Pewaukee, Wisconsin and venue is proper in the Eastern District of Wisconsin.

3. The Defendant is an employer engaged in an industry affecting commerce which entered into Agreements which require Defendant to pay fringe benefit contributions to the Trust Funds.

4. Delinquent employers are required to pay, in addition to the amounts determined to

be due, and liquidated damages, interest, reasonable attorney fees, court costs, audit fees and other reasonable costs incurred in the collection process.

5. The Defendant must submit monthly reports detailing the hours worked by its carpenter employees ("contribution reports") and make concurrent payment of contributions to the Trust Funds based upon the hours worked by its carpenter employees.

6. An audit of the Defendant's books and records has revealed that Defendant has breached the Collective Bargaining Agreement and the Trust Agreement by failing to timely pay fringe benefit contributions for the period of October 1, 2015 through December 31, 2016.

7. Defendant owes the Health Fund $3,164.35 in delinquent contributions, liquidated damages and interest based upon hours worked by its employees performing carpenter's work for the period of October 1, 2015 through December 31, 2016.

8. Defendant owes the Apprenticeship Fund $184.30 in delinquent contributions, liquidated damages and interest for hours worked by its employees performing carpenter's work during the period of October 1, 2015 through December 31, 2016.

9. Plaintiffs have complied with all conditions precedent in bringing this suit.

10. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

11. Defendant is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

12. Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from the Defendant.

13. Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

      a) double interest on the unpaid contributions; or

      b)     interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of amount that is due.

14. Pursuant to the Trust Agreements, Plaintiffs are entitled to liquidated damages calculated at two and a half percent (2 ½%) of each delinquent payment for every month the payment remains delinquent up to a maximum of twenty percent (20%).

WHEREFORE, Plaintiffs pray:

a) That the Defendant be ordered to pay fringe benefit contributions for the period of October 1, 2015 through December 31, 2016.

b) That the Defendant be ordered to pay liquidated damages for delinquent contributions for the period of October 1, 2015 through December 31, 2016.

c) That the Defendant be ordered to pay interest on delinquent contributions for the period of October 1, 2015 through December 31, 2016 pursuant to 29 U.S.C. §1132 (g)(2)(B).

d) That the Defendant be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Trust Agreement and 29 U.S.C. §1132 (g)(2)(D).

e) That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's costs pursuant to 29 U.S.C. §1132(g)(2)(E).

By: /s/ Karen M. Rioux
One of the attorneys for the Plaintiffs

Karen M. Rioux
McGann, Ketterman & Rioux
111 E. Wacker Drive
Suite 2600
Chicago, IL 60601
t: (312) 251-9700
F: (312) 251-9701
krioux@mkrlaborlaw.com